IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DALLAS KRAMER, | Cause No. CV 18-156-BLG-SPW-TJC |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| JAMES SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court on state pro se prisoner Dallas Kramer's application for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.)  Kramer challenges his state sentence handed down on September 6, 2018, in Montana's Twenty-Second Judicial District, Carbon County.  *Id*. at 2, ¶¶ 1-2.  Kramer claims the district court unlawfully denied him credit for 581 days of time served, *id*. at 5, ¶ 13(B), and that the Montana Supreme Court erred in denying his subsequent challenge to the sentence.  *Id*. at 4, ¶ 13(A).

## I.   Background

Although Kramer's petition provides little information, the exhibits attached shed additional light on his claims.  It appears at the time Kramer committed the Carbon County offenses in Cause No. DC 17-45, he was under conditions of a

previously imposed Yellowstone County sentence, Cause No. DC 05-0685. (Doc. 1-1 at 5, 7, 10-11).[1] Kramer was arrested on the Carbon County charges on March 18, 2017 and held in custody at the Yellowstone County Detention Center. *Id*. at 7. It appears that prior to the arrest, Yellowstone County revocation proceedings were already pending in Cause No. DC 05-0685. *Id*. On April 13, 2017, Kramer's Yellowstone County sentence was revoked, and he was sentenced to the Department of Corrections for four years and three hundred and fifty-eight days. (Doc. 1-1 at 9,11.) Kramer was not granted credit for any "street time." *Id*. at 11.

On September 16, 2018, pursuant to a plea agreement in the Carbon County matter, Kramer was sentenced to three years for criminal possession with intent to distribute, and to six months for misdemeanor criminal possession of drug paraphernalia. (Doc. 1 at 2, ¶¶ 1-2); see also, (Doc. 1-1 at 10-11). This sentence was ordered to run concurrently with the Yellowstone County sentence Kramer was already serving; Kramer was not awarded any credit for time served. (Doc. 1-1 at 11).

In denying Kramer habeas relief, the Montana Supreme Court determined Kramer was not entitled to credit for any time served while incarcerated on the Yellowstone County revocation, because it was "not directly related to his Carbon

---

[1] See also, Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/39265
(indicating Kramer was originally charged with felony Escape in Yellowstone County for a crime that occurred on July 25,2005)(accessed May 1, 2019).

County offenses," and Kramer was precluded by state statute from challenging his revocation sentence via habeas corpus.  *Id*. at 11.

## II.    Analysis

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a).  Additionally, the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a "highly deferential standard for evaluating state-court rulings," and requires "that state-court decisions be given the benefit of the doubt."  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

"[F]ederal habeas corpus relief does not lie for errors of state law."  *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)(citations omitted).  "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F. 2d 1395, 1400 (9th Cir. 1989).  The violation of state law is not grounds for federal habeas relief.  *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011); *Roberts v. Hartley*, 640 F. 3d 1042, 1046 (9th Cir. 2011); 28 U.S.C. § 2243(a).

"Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."  *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994).  To state a cognizable federal habeas

claim based upon a purported state sentencing error, a petitioner must show that the alleged sentencing error was "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992)(quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Kramer contends that it was error to deny him credit for time served because he was held in custody and revoked and sent to prison "specifically for DC 17-45," and accordingly deserves credit. (Doc. 1 at 4, ¶ 13(A)(i)). But Kramer's own documents belie his assertion that the sole basis for his Yellowstone County revocation was the Carbon County drug charge. Kramer's supervising officer, Toman Baukema, noted that prior to the Carbon County arrest, Kramer "was already in revocation and out on bond, but he keeps posting [bond] and getting out." (Doc. 1-1 at 7.) Further, Baukema indicated that Kramer had a history of: absconding supervision, traveling out of state without permission, recent dirty urinalysis tests for methamphetamine, in addition to the Carbon County charges. *Id*. For all of these reasons, Baukema requested a $50,000 bond be placed upon Kramer in the Yellowstone County matter. *Id*.

Thus, it does not appear that there was a sentencing error "so arbitrary and capricious" so as to constitute an independent due process violations. See, *Richmond*, 506 U.S. at 50 (citing *Lewis*, 497 U.S. at 780). While Kramer believes his constitutional rights were violated, he has demonstrated nothing more than a

4

disagreement with the application of Montana state sentencing law. The sentence imposed in Kramer's case is not fundamentally unfair. See *Christian*, 41 F. 3d at 469. Accordingly, Kramer's claims are not cognizable in habeas. This Court cannot provide relief and will recommend Kramer's petition be dismissed.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability (COA) should be issued as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because the sentencing claim as pled by Kramer is not cognizable in federal habeas. There are no close questions or reasons to encourage further proceedings.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Mr. Kramer's Petition, (Doc. 1), should be DENIED; his claims are not

cognizable in federal habeas.

2.  The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondent and against Petitioner.

3.  A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Kramer may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1).  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Kramer must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."  Failure to do so may result in dismissal of this action without notice to him.

DATED this 3rd day of May, 2019.

Timothy J. Cavan
United States Magistrate Judge

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Kramer is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.